UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| INTEL CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:19-CV-20-RP |
| | § | |
| SHAHIL RAIS, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER

Before the Court is Plaintiff Intel Corporation's ("Intel") Application for a Temporary Restraining Order, Expedited Discovery, and a Preliminary Injunction against Defendant Shahil Rais ("Rais"), (Dkt. 9). Having considered the motion, the supporting evidence, and the relevant law, the Court will grant the TRO in part, order expedited discovery, and set a hearing on the motion for a preliminary injunction.

## I. BACKGROUND

Intel contends that Rais retained a company laptop ("Company Laptop") with highly confidential product development information after he resigned on May 7, 2018. (Mot. TRO, Dkt. 9, at 4–5). As a program manager for Intel in Austin, Texas, Rais was responsible for a "highly confidential new product" with a confidential code name. (Heany Decl., Dkt. 9-3, at 5 ("Ex. 1")). Rais's employment agreement included a confidentiality agreement not to use or disclose "any proprietary information or trade secret." (Employment Agreement, Dkt. 9-3, at 13 ("Ex. 1-A")). On May 1, 2018, a week before Rais left Intel, he met with his manager Brad Heaney, a Vice President at Intel ("Heany"). (Heany Decl., Dkt. 9-3, at 5 ("Ex. 1")). Rais and Heany "discussed the fact that in [Rais's] role at Intel he had access to confidential Intel information that could not and should not be communicated to anyone outside Intel or used by Rais outside Intel." (*Id.* at 5–6). Three days later,

1

on May 4, 2018, Rais signed a Trade Secret Acknowledgment Form ("TSAF") by which Rais acknowledged that he had "acquired knowledge or had access to trade secrets and other confidential or proprietary information of Intel Corporation," and "identified the following" categories of information to which he had access at Intel: "financial and pricing information" for a highly confidential product under development"; "business and new product plans"; "marketing information" for a highly confidential new product; agreements with customers, suppliers, and other companies; "yields, designs, efficiencies and capabilities of production methods, facilities, and systems"; "process information"; "product designs and specifications"; and business group information, including personnel lists and compensation. (*Id.* at 6–7).

Rais left Intel on May 7, 2018. (Mot. TRO, Dkt. 9, at 5). He was instructed to turn in his Company Laptop the same day, but did not. (*Id.* at 7). Sometime between May 7, 2018 and June 4, 2018, Heany learned that the Company Laptop was still in Rais's possession. Heany states that "[i]t was difficult to get in touch" with Rais, but "when [Heany] ultimately did, [he] informed [Rais] that he needed to return the laptop immediately." (*Id.*). Rais told Heany that he was traveling internationally and would return the laptop when he was back in the United States. (*Id.*). On June 4, 2018, about a month after Rais had left Intel, Heany "asked again about the return of his laptop." (*Id.* at 8). Rais texted Heany the same day, "I got back Friday . . . I am currently on my way to the Bay Area. I plan to hand off to someone to take to the Santa Clara office tomorrow." (*Id.*).

Rais returned his laptop to to the Santa Clara office on June 5, 2018. (*Id.*). Intel's Information Security team inspected the laptop and determined that Rais had downloaded folders containing confidential Intel files onto a removable storage device ("the USB Device") within the final 24 hours before returning the laptop. (Mot. TRO, Dkt. 9, at 7; Heany Decl, Dkt. 9-3, at 8; Talyai Decl., 9-3, at 19). A forensic examiner at Intel determined that four of the folders copied by Rais were marked "Intel Confidential," "Intel Restricted Secret," or "Intel Top Secret." (Talyai

Decl., Dkt. 9-3, at 19). These folders contained more than 270 documents in a folder with the code name for the confidential Product. (*Id.*). Intel's forensic examination determined that Rais attempted to copy 16 files that triggered data loss protection alerts ("DLP alerts"). DLP alerts appear "if a file being copied contain[s] certain markings or classifications" indicating the file is confidential. (*Id.* at 20). Each of the DLP alerts "would have informed Rais that that the data was being transferred without any protection applied, and asked him to provide a justification." (*Id.*). For the justification prompt, Rais typed "personal" for 15 of the files, and "test" for one. (*Id.*). After copying the files to his USB Device, Rais deleted 14 of them from the Company Laptop. (*Id.*). The forensic examiner cannot determine the full scope of documents saved to the USB Device without examining the device itself. (*Id.* at 20). Intel has submitted a full list of documents from the four Product-related folders that Rais copied to the USB Device but did not delete. (MD5 Hash Values, Dkt. 9-3, at 24–32). Intel also determined that Rais e-mailed 188 Intel employee e-mail addresses to his personal Hotmail account on the day he left Intel. (Talyai Decl., Dkt. 9-3, at 18).

On August 14, 2018, Intel in-house counsel Renee Scatena ("Scatena") mailed a letter to Rais directing him to return the USB Drive and to cooperate immediately with Intel's investigation. (*See* Scatena Decl., Dkt. 9-3, at 35; Letter dated Aug. 14, 2018, Dkt. 9-3, at 38–39). A person at Rais's address refused to sign for the letter, so Scatena sent the letter by e-mail to his personal Hotmail account on August 27, 2018. (Scatena Decl., Dkt. 9-3, at 35). On September 3, 2018, Rais e-mailed Scatena that he had only copied personal files, such as wedding photos and tax documents—he did not address the rest of the letter. (*Id.*). Scatena e-mailed him again on September 10, 2018 and September 14, 2018, telling him she wanted to meet with him at an Intel facility and that he should bring the USB Device with him. (*Id.*). Rais replied on September 17, 2018, stating: "You want to meet to look at my personal files (tax files, home mortgage docs, pictures, personal files, etc)? I don't follow." (*Id.*).

On September 28, 2018, outside counsel contacted Rais by e-mail and United States mail. (Luedtke Decl., Dkt. 9-3, at 42). Rais agreed to meet with outside counsel, but said he had a new job based in Europe and Asia and that he was traveling frequently. (*Id.* at 42–43). Rais "refused to ship the USB Device back to Intel because he said it had confidential personal information on it and he wanted to watch whomever was going to look for Intel confidential information on the device." (*Id.* at 43). On October 18, 2018, outside counsel spoke to Rais by telephone and sought to arrange for him to deliver the device to a facility in Ireland or Malaysia, but Rais said he needed to check his schedule. (*Id.* at 43). Outside counsel followed up with Rais on October 25, 2018, and he proposed delivering the USB Device on December 10 or 11, 2018. (*Id.*). Outside counsel advised Rais that December was "too late" given the confidentiality risks. (*Id.*). After several weeks of negotiating, outside counsel agreed for Rais to deliver the USB in Penang, Malaysia in early December. (*Id.* at 44). Rais attended as planned, but did not bring the USB Device. (*Id.* at 44). Instead, despite instructions not to bring a copy of the USB, and Intel's communications identifying the USB at issue, Rais brought a different USB that did not match the serial number of USB identified in the forensic examination. (*Id.* at 44).

Outside counsel continued to e-mail with Rais throughout December seeking return of the USB. (*Id.* at 44–47). Rais did not return voice-mails on January 2, 2019, and January 4, 2019. (*Id.* at 47). Intel submits that "as of January 2, 2018, Rais has stopped communicating with Intel and has made no arrangements for the review of the USB Device." (Mot. TRO, Dkt. 9, at 10).

On the basis of these allegations, Intel asserts causes of action against Rais for (1) misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq. ("DTSA"); (2) misappropriation of trade secrets under the Texas Uniform Trade Secrets Act, Tex. Civ. Prac. & Rem. Code §§ 134A.001 *et seq.* ("TUTSA"); and (3) breach of his employment contract. (Compl., Dkt. 1, 13–23).

On the same day it filed its complaint, Intl filed this Application for a Temporary Restraining Order ("TRO"), Expedited Discovery, and a Preliminary Injunction, in which Intel asks the Court to enter an injunction:

a) barring Rais from using or disclosing Intel's confidential and trade secret information;

b) requiring Rais to immediately return all confidential and trade secret Intel documents to Intel after appropriate evidence preservation measures are taken for this litigation;

c) requiring Rais to immediately return to Intel the USB Device that was used to download confidential Intel documents from his Intel computer on June 4-5, 2018;

d) requiring Rais to immediately identify all computers to which the USB Device had been connected after June 5, 2018; and

e) requiring Rais, after returning all Intel documents, to provide a certification under penalty of perjury that he is not in possession of any Intel documents.

(Mot. TRO, Dkt. 9, at 2–4). Intel further requests an order granting leave to conduct limited, expedited discovery to conduct a deposition and serve requests for production in order to determine what information Rais had retained and whether it has been used. (*Id.* at 19–23). Finally, Intel requests the Court to enter a preliminary injunction following a hearing. (*Id.* at 3). Intel does not request a bond. (*Id.* at 19).

## II. TEMPORARY RESTRAINING ORDER

### A. Legal Standard

The party moving for a TRO must establish that: "(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the [TRO] will not disserve the public interest." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "A [TRO] is an extraordinary remedy and should only be granted

if the plaintiffs have clearly carried the burden of persuasion on all four requirements." *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008) (citation and quotation marks).

Upon reviewing Intel's motion, the Court will grant a TRO barring Rais from using or disclosing Intel's confidential and trade secret information. The Court will consider Intel's other requests for injunctive relief at the hearing on the motion for a preliminary injunction.

### B. *Discussion*

#### 1. Likelihood of Success on the Merits

Intel argues that the Court should enter a TRO on the basis of its trade secret misappropriation claims under both state and federal law. (Mot. TRO, Dkt. 9, at 24–27). To grant an injunction, the Court need only consider whether Plaintiff has shown a likelihood of success on the merits for one of its claims. *City of Dallas v. Delta Airlines, Inc.*, 2016 WL 98604, at *7 (N.D. Tex. 2016), *aff'd in part, vac'd in part*, 847 F.3d 279 (5th Cir. 2017). At this stage of the litigation, the Court finds that Intel has shown a substantial likelihood of success on the merits of its trade secret claims.

To establish trade secret misappropriation in Texas, a plaintiff must show "(a) the existence of a trade secret; (b) a breach of a confidential relationship or improper discovery of the trade secret; (c) use of the trade secret; and (d) damages." *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 583 (5th Cir. 2013). To qualify as a trade secret, the owner of the information must take "reasonable measures under the circumstances to keep the information secret" and the information must "derive independent economic value, actual or potential, from not being generally known" by another person who might obtain economic value from disclosure or use of the information. Tex. Civ. Prac. & Rem. Code § 134A.002. As the Fifth Circuit has explained, "[a] trade secret is any formula, pattern, device or compilation of information used in one's business, and which gives an opportunity to obtain an advantage over competitors who do not know or use it."

*Daniels*, 710 F.3d at 583.

Intel asserts that the trade secrets here are: technical, financial, marketing, and strategic information related to Intel's new product in development; communications with senior Intel personnel regarding the product; technical information related to other new products under development; and the specific documents copied to the USB Drive. (Mot. TRO, Dkt. 9, at 12).[1] As an example of the sensitivity of these materials, Intel alleges that Raise downloaded "a 63-page compilation" of details about the new product under development that includes "technical diagrams," and "explanations of risks and mitigation plans for the technology." (*Id.* at 13). Intel took reasonable steps to keep the information secret by managing electronic access to the materials, using a data loss prevention program and DLP alerts, and requiring Rais to sign a confidentiality agreement in his original employment contract as well as the trade secret acknowledgment form (TSAF) the week of his departure. (*Id.*). Intel further states that the alleged trade secrets derive independent economic value from being unknown to their competitors because the materials relate to a new and unique product offering. (*Id.*). If the information was disclosed, it would enable Intel's competitors "to revise their product plans to attempt to build a similar and competing product," or for any competitor or hostile party to "pinpoint any weaknesses in Intel's plans and exploit them." (*Id.* at 14). Based on this evidence, the Court finds that these materials constitute trade secrets.

---

[1] Intel specifically lists the following trade secrets allegedly misappropriated by Rais: "(a) technical, financial, marketing and strategic information related to Intel's new product in development for which Rais was a program manager, including product plans, roadmaps, product features, cost information, information about the new products interrelationship with Intel's new Foveros technology, and the development schedule; (b) communications with Intel's Chief Engineering Officer and Group President and other executive management in the form of weekly updates about Intel's new product under development for which Rais was the program manager; (c) technical information related to other new Intel products in development on which Rais had some responsibility, including product plans, roadmaps, product features, cost information, and the development schedule; and (d) the documents with the hash values listed in Appendix A that were in the four product folders on the Company Laptop and transferred to a USB Device." (Mot. TRO, Dkt. 9, at 12). The specific documents that Intel's forensic examiners were able to identify are listed in an appendix submitted to the Court. (*See* MD5 Hash Values, Dkt. 9-3, at 24–32).

Misappropriation under both federal and Texas law means (A) "acquisition" of a trade secret by a person "who knows or has means to know that the trade secret was acquired by improper means," or (B) "disclosure or use of a trade secret," without consent, by a person who used "improper means" to acquire the trade secret." 18 U.S.C. § 1839(5); Tex. Civ. Prac. & Rem. Code § 134A.002(3). "Improper means . . . includes theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy." 18 U.S.C. § 1839(6). Tex. Civ. Prac. & Rem. Code § 134A.002(2). Here, Intel's evidence shows persuasively that Rais knew that the materials in question were Intel's trade secrets, and that he took them by improper means: he signed two contracts promising to protect the confidentiality of Intel's information; failed to turn in his Company Laptop as directed on his last day; and copied files marked as confidential, fourteen of which triggered DLP alerts. His month-long delay in returning the Company Laptop, avoidance of meetings or communications with Intel, and ongoing failure to return the USB Drive—now six months after his departure—further support a finding that Rais knew that he had wrongfully taken Intel's information in breach of an express duty to maintain their secrecy.

The Court therefore finds that Intel has demonstrated a substantial likelihood of success on the merits with respect to its trade secret claims at this stage in the litigation. Having made that finding, the Court need not address whether Intel met its burden with respect to its contract claims.

## C. Substantial Threat of Irreparable Harm

Intel submits that it has a "reasonable fear that Rais will not honor his continuing confidentiality obligations" and that his possession of the alleged trade secrets "pose a significant risk to Intel's business interests." (Mot. TRO, Dkt. 9, at 17). To protect against the threat to Intel's competitive advantage, Intel seeks an injunction (a) barring Rais from using or disclosing the information; (b) requiring Rais to immediately return "all confidential and trade secret Intel documents" to Intel after appropriate evidence preservation measures; (c) requiring Rais to

immediately return the USB Device; (d) requiring Rais to immediately identify all computers to which the USB Device has been connected after June 5, 2018; and (e) requiring Rais, after returning all Intel documents, to provide a certification under penalty of perjury that he is not in possession of any Intel documents. (Mot. TRO, Dkt. 9, at 3).

To meet its burden to show irreparable harm, a movant must show that "irreparable injury is *likely* in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis in original). Additionally, the plaintiff must show that the irreparable injury will occur "during the pendency of the litigation" without the TRO. *Justin Inds., Inc. v. Choctaw Secs., L.P.*, 920 F.2d 262, 268 n.7 (5th Cir. 1990). An irreparable injury is one that "cannot be undone by monetary damages or one for which monetary damages would be especially difficult to calculate." *Heil Trailer Int'l Co. v. Kula*, 542 F. App'x 329, 335 (5th Cir. 2013) (citations and quotation marks omitted). A party is at risk of irreparable harm where, for example, they might "lose a competitive advantage in the industry." *Welsh v. Rockmaster Equip. Mfg. Inc.*, 4 F. Supp. 2d 659, 668 (E.D. Tex. 1998).

The Court finds that Intel is at risk of irreparable harm if Rais uses or discloses the Intel materials allegedly in his possession. Once a trade secret is disclosed to a competitor or to the public, the special value of the material is destroyed or substantially diminished, establishing irreparable harm. *Id.* (quoting *State ex Rel. Faith Hosp. v. Enright*, 706 S.W.2d 852, 855 (Mo. 1986) ("Once the proverbial bell has been rung, its sound can neither be recalled nor subsequently silenced.")). A technology company's new products can define their competitive advantage. Rais's alleged conduct—keeping the Company Laptop for a month, copying protected files, avoiding communications and meetings with Intel, and thus far refusing to return the USB Drive—indicate a real and substantial risk that Rais might use or disclose the materials absent an injunction, to Intel's irreparable harm.

However, the Court is not fully persuaded that Intel will suffer irreparable harm absent a TRO granting Intel's other four requests for relief. So long as Rais does not use or disclose the materials, the risk to Intel's competitive advantage is substantially reduced. The Court finds that the immediate threat to Intel's competitive advantage is adequately remedied by a TRO barring Rais from using or disclosing the materials.

The Court will consider Intel's four other requests for injunctive relief will be considered at a hearing on their motion for a preliminary injunction.

### D. Balance of Harms

The balance of harms strongly favors temporary relief for Intel. Absent an injunction, there is a substantial risk that Rais could disclose trade secrets that could undermine Intel's competitive advantage, causing injuries that would be difficult to quantify or compensate. A narrow injunction preventing Rais from using or disclosing the materials only imposes the burden of inaction. This factor strongly favors Intel.

### D. Public Interest

The public has an interest in the enforcement of state and federal laws. Intel has made a prima facie case that Rais misappropriated Intel's trade secrets under both the DTSA and TUTSA. *See supra*, at Section II(B)(1). The Court also notes that Intel attempted for six months to negotiate with Rais before pursuing a remedy against him through the courts. At this stage, Rais's conduct suggests that an injunction is necessary to compel his cooperation with Intel's efforts to protect their trade secrets. There is no evidence before the Court suggesting that ordering Rais not to use or disclose the information would disserve the public interest. The public interest strongly supports such an injunction.

Having found that Intel has shown a substantial likelihood of success on the merits of its trade secrets claims against Rais under Texas and federal law, that there is a substantial threat of

irreparable harm to Intel's competitive advantage absent an injunction, that the balance of harms favors Intel, and that the public interest would be served by an injunction, the Court will grant a temporary restraining order barring Rais from using or disclosing the materials.

## II. NOTICE

A court may issue a TRO without notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(b). A court may enter a TRO before hearing the adverse party where it would afford an opportunity for the defendant to undermine or evade a remedy. *See Sanzone Brokerage, Inc. v. J&M Produce Sales, Inc.*, 547 F. Supp. 2d 599, 604 (N.D. Tex. 2008).

Intel has provided sufficient grounds to enter a TRO without hearing Rais in opposition. (*See* Notice of Certification, Dkt. 12). After filing the application for a TRO, Intel attempted to personally serve Rais at two different residential addresses in Austin. (*Id.* at 1–2). On January 10, 2019, the date of this order, counsel for Intel telephoned Rais and gave him oral notice of the filing. (*Id.* at 2). During that conversation Rais declined to provide an address for personal service. (*Id.* at 2). Counsel for Intel then e-mailed a summary of the phonecall and copies of Intel's court filings in this case to Rais' personal email address, by which they have communicated with him previously. (*Id.* at 2; Scatena Decl., Dkt. 9-3, at 35). The Court agrees that Rais now has actual notice of the pending application for a TRO.

The Court finds that Intel has met Rule 65's requirements for relief without hearing Rais in opposition in light of the ongoing risk of irreparable harm to Intel's competitive advantage; Rais's continuing possession of Intel's materials despite six months of negotiations to return them, and the ease with which Rais could frustrate the Court's ability to preserve the status quo by disclosing the

alleged trade secrets. *See, e.g. Alamo Lights, LLC v. Four Bros Lighting and Bulbs, Inc.*, No. 1:18-CV-187-RP, 2018 WL 1404406, at *2 (W.D. Tex. Mar. 20, 2018).

### III. EXPEDITED DISCOVERY

"Expedited discovery may be appropriate in cases involving applications for a preliminary injunction." *Legacy of Life, Inc. v. Am. Donor Servs., Inc.*, No. SA-06-CA-0802-XR, 2006 WL 8435983, at *1 (W.D. Tex. Oct. 10, 2006) (citing *El Pollo Loco, SA de C.V. v. El Polio Loco, Inc.*, 344 F. Supp. 2d 986 (S.D. Tex. 2004)). A court may grant expedited discovery based on a reasonableness or good cause standard, considering the totality of the circumstances. *Id.*. Courts may consider "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* (quoting *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 143 (D.D.C. 2005)).

Here, a motion for a preliminary injunction is pending, (Dkt. 9), and Intel has submitted short lists of requests for production, requests for inspection, and interrogatories. (Proposed Order for Expedited Discovery, Dkt. 9-2). The requests for production and interrogatories total seven relatively narrow questions that Rais could answer with minimal burden. Even if he is currently outside of the United States, he could respond to these quickly by e-mail. The Court finds there is good cause for Intel to conduct this narrow discovery in advance of the hearing on the motion for a preliminary injunction.

At this time, the Court will deny Intel's request to inspect the USB Device, any computer to which he inserted the device, and his personal e-mail accounts because these would present a greater burden on Rais. Given that the purpose of the expedited discovery is to prepare for a hearing on the motion for a preliminary injunction, the Court considers that Intel's requests for production and

interrogatories will be adequate discovery to prepare for that hearing. Intel may pursue discovery in the form of inspection at a later stage in this case.

## III. THE PRELIMINARY INJUNCTION HEARING

Ordinarily, a temporary restraining order must not exceed 14 days. Fed. R. Civ. P. 65(b)(2). A court may extend that period for good cause, but must enter the reasons in the record. *Id.* Due to the Court's trial schedule, the earliest available time for a preliminary injunction hearing falls on the day after this TRO would expire under the 14 day period, which is **January 25, 2019 at 9:00 a.m. CDT**. The Court will therefore extend the TRO to remain in effect until the end of that day, **January 25, 2019, at 5:00 p.m. CDT**.

## IV. CONCLUSION

Accordingly, the Court **ORDERS** that Intel's Application for a Temporary Restraining Order, (Dkt. 9), is **GRANTED IN PART**. Specifically:

> Shahil Rais and his agents, designees, and representatives are **ORDERED** not obtain, access, use, transmit, copy, or disclose any of Intel's confidential, proprietary or trade secret information, including but not limited to technical, financial, marketing and business information regarding Intel's new product under development for which Rais was the program manager, its other new technologies and products under development about which Rais received confidential information, non-public confidential information about Intel's Foveros technology, or any of the documents identified by hash value in Attachment A to this order.

Intel's motion for a TRO is **DENIED** with respect to all other requested relief.

Intel's request for expedited discovery is **GRANTED**.

Rais is **ORDERED** to make himself available for a deposition the week of **January 14, 2019** in Austin, Texas, or near Intel's headquarters in Santa Clara, California. The deposition shall be limited to five hours of testimony and shall not preclude Intel from taking a second deposition of Rais during the regular discovery process.

**IT IS FURTHER ORDERED** that Intel may serve the following expedited discovery requests consistent with this order:

<u>Requests for Production</u>

1. All documents and materials in Rais's possession that were created, developed, or obtained by Intel or its agents.

2. All documents and materials in Rais's possession reflecting Rais's post-termination transmission, sharing, saving, or printing of any documents or materials created, developed, or obtained by Intel or its agents.

3. All documents and materials in Rais's possession related to Intel's business that he obtained by accessing—or asking others to access—Intel's computers or networked systems.

4. Documents reflecting all terms and conditions of any post-Intel employment offered to Rais, including but not limited to offer letters, contracts, policy acknowledgments, and job descriptions. v. All documents reflecting any communications from May 7, 2018, to the present date, between Rais and any company (other than Intel) engaged in semiconductor manufacturing or process technologies.

<u>Interrogatories</u>:

1. Describe all Intel documents that you downloaded to the USB Device on June 4-5, 2018 from your Intel laptop.

2. Identify all Intel documents in your possession, custody, and control today, and state the physical or electronic location of those documents.

3. If you have shared any Intel documents with anyone outside of Intel for reasons unrelated to Intel authorized business, identify the person with whom you shared the information, what information was shared, when it was shared, and why it was shared.

Rais is **ORDERED** to respond to these expedited discovery requests within two days of being served with such discovery, unless otherwise agreed by the parties.

The Court will hold a preliminary injunction hearing on **January 25, 2019, at 9:00 a.m. CDT**. The Court will not require supplemental briefing, but any such briefing must be limited to a maximum of five pages and filed on or before January 22, 2019.

This order shall remain in effect until **January 25, 2019, at 5:00 p.m. CDT.**

**SIGNED** on January 10, 2019, at 5:00 p.m. CDT.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

| MD5 Hash Values |
|---|
| f4e2a54e25359d8b05751c6160e16cd2 |
| 8b55834a9bce512fab12adb7061932a6 |
| 9628a5a8f39fe44a3eb3694d343f1568 |
| 8e1ca29a78aae9c0df82e03b9d3ce4a7 |
| 838b0d2d4bc2301144dd29266441ac1d |
| ab0809dfb2c754a71fbc34960f285383 |
| aae85590ed0f063bc6ded672cb4a4763 |
| 8af7b129fe1728a52e0b19f1bb459a9a |
| 972b50f891c2f9c321e128b16936da93 |
| 722b4af4418829cf632b432ff869cb66 |
| b163018602d69837a32a5d7ffa9a0bbc |
| 56a2d84adfac03986c7e3dd694e4b396 |
| 59ec5d6287bc08a316541cd4a981fc32 |
| 55a1da54df31c34b912e0926b1ad3397 |
| 34e94a25fa39f0139ce3ae0a8e39e608 |
| be09a7c333b0bb5c8554f02301a7ea65 |
| ea9ed7594db92eb2e61e2d126e35946e |
| 458ed599d3fd48f3592e8d0399f30803 |
| 830c0f3a57311618a24e249d16a3bde9 |
| 6f15502b4ceae4202e77090825249e3f |
| 884c7f6f475477fc407d2a2408bbd2ee |
| fb70e14451f680c6c469867a06529d44 |
| f551b425f6508fe1c71f776be82ace28 |
| f7075a0d41870b1dc1d70eafcf204302 |
| 6e2ec31781cd1d6e94a3bb90b936f04c |
| 1a05f836c5d9b3c855c4b40dce5cc297 |
| 97a36ba016354114f862568796ce8676 |
| bd9314566ca2cb477580d0d84360aad6 |
| cfa656815057acd45d2eb5bcd7f1c390 |
| e6274b7d7aeb46204792dfd9a951c479 |
| 98b9d20dd0d055f6571fa7d6823807b6 |
| 090eaca4e159977fd90ea6830927cfe1 |
| ce3d965f6cadac455eeff81b5d617511 |
| ebcfca2b4e424d9b99ebe9f75d2d0924 |
| fa43dd3c2e23160f518df88aebc69a09 |
| 085cf2a60f045ba35b8d11b906b439d8 |
| f4b55e1a8e4a26be2f7e7f7ac098c4fd |
| 3d075b77732a40186d3b5a65979da6da |
| 6636b7345cec26f6e8dc3e1609c35a95 |
| 292a89a912dd40575321ebe2cfae1226 |
| 793c187980b39b3c33f16148aecc80bd |
| b542a64509b2f73ef4e2a92cd1548aa1 |
| 9f81f2d0f84f23927ec2c6d180a24d12 |
| a45dc1e8661292129ddbf6dcbfde8489 |
| 887c8ed73295b13daab6b3b2b2070971 |
| cc02664fcb5d150e9c1f5e3871ffe428 |

| |
|---|
| f68e4c7765a9c05877fa1a2cceed1c08 |
| 4e836fd9eb09d7e40576953cad30c3f6 |
| eadb3b4652f7028f1e7ad5a760d67fe4 |
| b827e920e197a665a0e6e05417a2a9b0 |
| 6fa8f773bb52cb9dafaf4e34383463a3 |
| 7db9d954d3e4ae16f23d06a36ba7c9a0 |
| ee48a28c1a331ea9cda5ea5a24a5c4db |
| 866785922b0b9006835c757da77ee4ce |
| cbf1b1985132d73976361df41e8e0625 |
| 38dbfbc5075e7b1ce91d053647d57ef8 |
| 57bfa7eb6ef61e0ca23444a5bd20a4ab |
| 6771995b29a1ffef5b8b9590577e8ea1 |
| 196e9129261f2c7ae1ef8f6618c7e412 |
| 6e3831931c24727fac9898e30683919f |
| 1a7834a4142e6a1fef20005ccbb26935 |
| 52353ac77931a37b6c4b98686fae663f |
| adf7ee51d2dbb9d47aa58b7db8e2f231 |
| e737334e0af2e4849feb0e37636bdea5 |
| c4521139aff0d6b15286a8eb9fd5eb1c |
| ffc5ca8b1af702dde2d22a3204350f24 |
| 25fed46fdf8b1b0184084b36231f2078 |
| dc9dd13074d483d9929f64586ee65170 |
| |
| 01761c3a952661f7cfaf03631580b48c |
| 725f4e3cdde84a9d96867530c7720793 |
| 0de407f99f038161c896459fb47793b1 |
| 66c90fcb933906bb1c0f1a9630578b17 |
| ad8a8baebd048cce61f7803629fecc72 |
| 4a55dafce8077f0490d960bda7e0c1c9 |
| 8a43e8a8e8e5c2d152ba4b5e62c74f99 |
| 72caa66c889ead28b471036ffcd3d68f |
| 4231b89750f6e5e8525174cbe1d7768d |
| d2b38e8249d613d1669ba0c1075f53f1 |
| bff029796077f885dba7d09c46f80726 |
| 36fad708ab614f397788561b0bcb74ca |
| 0e55e8c9a0a94c41ea0690f246620143 |
| 63af136807e35284374a25545820ab09 |
| 6cea1c697d8fadb7be970ccb59d02451 |
| 2c83e74ddc777f6a4b929d83e44e5ab2 |
| d45ba14a88070e8cb1787d4f928be348 |
| 370d9175b36815463316feee7a6032bf |
| ab9a6395505ab2912fa4c6d7927cf359 |
| dc474d57c58a24b51f3994e53f6bfa0b |
| 1a6980deec2494bb62f8679070b08916 |
| |
| 9a0e0eee33a372b254ff3c3a53b33d77 |
| b7cd165db148e49218ea8e2c680cd322 |

f9fd22dc2e8acb92670ee9e2a4f938c3
3cf5c03518b75996d6e2f9c0b8cc3fce
0fb3784307c4ea286b895a7f6325572b
f61360eb5585417cc82da456453e159c
f556b8f7da88e3fb754252fd4c73c45b
f9487d04aa07c0bc310d6eed2712dd65
de216fe6ec90b6750b46b55a11bc2091
dc9e1bc031de54b8a195ca1e6a9946bc
79ea593f8a836c761742e75a96a8deb8
d174bbc3849b1141843ba03394b0979d
4b6b3dcc084cbc010672137e8ffdf2b6
06ddfdb82fe110eb5b87b13df85d87ce
8fe29611d7378489c7c0a5fd7da83599
6ffcf6eebc6cf948dd0f919f8b05e94a

b1947284568b34c1de760e6eda000f7b
bd1b80120708bda686195f9708ce750a
50f7e5a35039f487c2037ce5fa73c056
05a2439c746c8c2d88f6e9070eb152c5
5ec2820b3096cf909e9e3ee5c7710e33
d22a3aeb3add3cf82ce12c7f60a88913
e619766b8e8b790d99be09bf73f64a53
2190a726ceb2d665aeead776c82a7322
5b7adb61cc8a36c40e5519903baf33c0
747449d537c97bb9e2559c02f70d2a38
c47c8fc2bf47c858a69353ffdfad18b2
be0170af9e38391ab924c1da5123164c
ea615d613c9e2b700ffb06f2051fd45b
7273d4fd9169cd2704639495dbdf3df4
15cec97f5ea1d509bcd5490b93e25cce
922b840a30d89564f2788b28b1b117f6
d11a8cd2b767437189c96ff81bf61a3c
1947cdd90ee2856f86b779978aadddfc
1f05a71a21bf712ef47f8db1cd0cf472
976ed7b39004e663c21149b62710833d
eeef8bed6552ba5546f04b02fae1eecd
8fbb2adf63f01735c62d30baf0f0695f
7a0c6a01bd0552eede58d4a51ddb7494
c288a17bbe9c1d4d394c27cd067839cb
7b721173a51f5e9c4beab7f28580aaa6
ce6d5a757512ba06dcbc1e2429c2dd05
1e8bba7458411c71b76f5adc114104ef
33ebca5cf18d54bd662911c1b5c55cb1
6eb5066940c151fd753b4808addb6f89
8e5526a58986d0908c319e887f957b66
9bb9a23ef88986a7ec375b13f3957a90
8d6b991dc5e313f36f72ca2451439988

| |
|---|
| 9158a5cf4954d7e4e79bcd48e729f7aa |
| d33efc2ea998b2747dd0f573c793fa49 |
| e903354c406acc0899796b357286e50c |
| 744b5866fff565b02a93952b72ef4700 |
| 588caa04f007a40bdd27a7baee49967a |
| 99c3df02a1f0806bbe96a4d06061dd59 |
| 88829107aa2cbcf24e8581ab44f65e63 |
| 84375e1a8d0e19e7e40ac8246977e20b |
| 2ee7a22b3b9f2aa2e951ef9e19629c94 |
| f27f95e5035f27a6f1125ae9ab4fbc5e |
| 5faf9313a09ba1590d095df0dd8aa3ca |
| fff2f724cfbddf0cb8062b4578d16287 |
| 2f26b0556a8b5a4738a16e19b0df6e57 |
| 2e232c9252a1b98fe8488128977a0bc7 |
| b3a0d49354f6a65d696d5ff5f6108970 |
| 1370fe7b47583187fc6ee068f4b90475 |
| e071fb7a9e7dcac10237636de52b1315 |
| ff3246e3aa1bb7682e022fd02a07274d |
| 7183f1d5e8e05e3a753234da55563847 |
| 857a7f3485643a4b1790c9fe957f4d16 |
| 829c7054d4ca393fb00a99e35cf5e036 |
| 6e4f4b36604590b0b6fe877fe90d84c3 |
| efcfd79546f283776ea735c11cbd7b8b |
| c32a6bce3633ddd9aedab41365f506ad |
| a0aaf562471e0a63bc2f6527bc755364 |
| 5a81e334f009c3d99799ab2dd1e65f31 |
| 8c4280ee20822cd22a43b931308483a2 |
| 77984df521b5086fc0fffc75f7de4239 |
| 56c6872a80634ed25382afc8d39d5fcf |
| 9c100eb43478f17df46bbec18ac74dbe |
| 1a37c7a9c80d166ece01ad05a30d0a97 |
| 6309e9a11062ce85197b1860d474d151 |
| 833b7423b4ae8483ec450c3eb9a826f8 |
| 1881676cddd4ecab5d8eb948c0e9b5d3 |
| 98ce5b42e6fa0ab7cafc4b2bb383bff6 |
| fb1aeaa294e7e863b7e2eb777515ea77 |
| 039fa57e395295c75d47074b73303867 |
| 75c579bf9e5a06d2cd3520003ccd4fb9 |
| cbe24c1d9e6de6994bcc209e275ca2a5 |
| 39c6ca0816fe8088a4388ecafcd88260 |
| 0666d601c96d7f6f4994ec4ee097b50a |
| 4e32b7690b170c5dd051d646d38e874a |
| 2781d76dd82696ef3474b9ba27b4a10c |
| 67d12486a2aa1098677e2a3b8a7efcf4 |
| fc9aaea8d264afe70e029ca80508e9ea |
| bda3d9a4c7e4b93b61521076adaba32b |
| b2f96c57680e02cd8a5719514c188bcc |

d063821da6f0c127f3b2751af8385130
d4eaa33193216d5dd091983f524e2c37
59f8812975932c52e9928ebd8bae45c7
69b9366c6b524f769b149205c15287f6
4b96dd64f8d485e428630ed9702d463b
b30c958003d7126d9d90ac7467a3538d
e16579aa8b63665daf4cab45726c869d
3fa5fea93a6bd6366d3e704d0d49c2ad
f8b9f7fe1a266172893b1008862a7ab5
701227c4b57d308a6702f3f36dc5eee7
dafc5ee879638327359fabbd64e1d0b1
62fedb43a2fde424d2ba987897076b8f
1d38b0924ca2cb60458f6b3123a6a6bc
328f2b490ffe4386889dda8e1107b9ce
fe278c650556206834379e76d5885e39
e44eaf8cc9ad3060a45a95b6736d36d1
0937a2a6f53c6ee59937c0dc2e9be548
b931f6ecb592ca6682c6bfc7b2af53f5
a51a0d517e1d079cdc1e8e425c3c9715
234b8fb05b7d1fbed56d13a420a99110
8e827cc8a81ee2e7f24f8328403bb599
c07998c269e5e910a0e67cf308d50215
eac1de71b81fdb5fcc844651ad835af3
6e2468c03627caa5fa2f9b3636aad2ce
5f88e1d46ffe7b1384ca83cfa9a79971
1e3d3f216b52f67d42c12dc6f47f77fb
8e13533c868127dc15b1881dad8248b9
728c01b348ccb59d9f02c8efb30ad939
d72b7dc597a09941a6cc57b8d799cbd9
b01c0fe07b7292bff39daf49dbd72738
5b60f5a366171a53250d1f052fcc26b4
aec9ee41d5356ede1414a29871268912
e6ec7ef6df25cc4f71a373dfb78bd7b1
0b52cc361efc0aa2a3542172e07ae330
fefd3a546e2d5cd16df44791a972bf6b
a409aedb6292cdd1f85ca905ee4944e5
30117ae65462f8fdf0aceb979b8f0cec
a44239ff7c785120591bb41a7a924006
e0f8017bb08bfc69619d3f1a1a6803a9
59ce946f8052a26723c3919fb23791e8
93fd3deb6d7da0678e9ff8cb24265085
b2ecca07f8cacadde33e94f6242a32c3
7bc28878675c80e0de4c7801d0b63a27
0292dee39905ebc76f488b97b5779d2d
6e6b84599c1a9c3b53bfd6b42fe7dfca
e2b0bd40c78fc376a051ebb2f93dafa0
2b5bfc124068273d4459c58365976fc6

| |
|---|
| 84f12e0bc18c49bf87b0e65e71ef20a4 |
| 68f6471cea7356e01868f65308ad7194 |
| 54a8e02b3a42f6cc4d27f44ee6998efc |
| 254e154622eae5b5f3531cd5ce797635 |
| 390bf1f0b66fc19b41dc4c3557420567 |
| e5917fe98c2e34fac51b119b6b6322f0 |
| 09d913ae239293a3061dcc1bae68e38a |
| 9c4e10ffa9a4a1c6d1352e32bea70327 |
| f1c17492e7fba4ed161fea5f42e17497 |
| 8ca8c51238479aa1339dfe5ac7435dfc |
| 9ac1d47b4555697bca44002c482bcc5b |
| 4122f4ad5363f3a41c9e77592bea8234 |
| 50bd2144a8ff7b97285ae685d2b2d0da |
| b2b27edc77d0d30083cd2353ef233df0 |
| 823e882b881f000c44e5b020619c9c8f |
| 9dabb93e76ed8be3894901c0589631e1 |
| 7ec852ada21d8b5f87f90b5b2f671206 |
| 028b6dfad1478cd222467e9da66e2bee |
| fe88cf549448df03fcf98592273c1aef |
| aa04c1dd812bf4a9320e01da76c91d31 |
| 94cb6e3b5513285f4f4e2d87d7f45d71 |
| 57c63fe361e76fb30e7d7e63172b7996 |
| 5772df291e5d21184ee5c741b052d1b6 |
| 9934c12227f3d9860c0e763d1c030af9 |
| e9c35d48a58d474f73acae8a7fd6e86e |
| d39598be24086d0a5880a7538a88f82b |
| 9fb227eeef4300f504365f98692ca344 |
| d28e18e16b71c28d8a042a27127cfbb7 |
| 09eb7ee27c6f1bdbcb3f1824da451c41 |
| 47adcf5acf250b59515aa0783e8d98e4 |
| 7ae26863cad795c152a3fa7fd3385faa |
| 4cb2ce2d76d563de8e2478d827b95e52 |
| 8562cf9ced57d8ee4b50b84d0ccd6334 |
| b5bc9c5906936f4f750312d175aaf0c3 |
| 48c420baf96d5d968504bf0d7d640ed1 |
| 178ffc1f8e65d822338cfb030ee35a87 |
| 1cedfd3b7d6ace24380b87b9825dbb00 |
| eaa7d4978904a4783ffa52e62059a47c |
| e52a383208377dc62e856203a96736ec |
| 053384cf450da5955b101e98bef3f786 |
| dfb0776aa8420d718c38c41e07799ba0 |
| 93f1090e14f3ffab01bce894069f6ad9 |
| a8b5d4431d578dd50d7c1ebf066cd855 |
| 8157c9daed7c77d0b22ad5c697ded6c0 |
| 20cb5be7abc00fed0e7135e6d40715d9 |
| 76683e6c253f46f242308abc7968ba49 |
| 67574d2b9148c2740d2d3896d5d685db |

| |
|---|
| 388b57a673c280729dcce216fc669d63 |
| cd5f9c575eea0262186f5de5bf5151b6 |
| 25144f66a2809503c084dcf291568c07 |
| c20ca981630134ca1d6a06b4c1c9331a |
| 88029e5fe6f3056812c959b566307c7c |
| 26df62b50fbec906a037ff608e08651b |
| 12a309e82e9e90455ef5dd2921efc701 |
| c4685bf5fcd501ca53e05013e50188ba |
| 8f3c6c24d687b8d95fcebc82339cca4a |
| 67d69cb6fd738ada84420fa4c8c0b88d |
| e84ab0efacdb78d6d47c0ba764ce3e80 |
| fa65a24804a78635f9fbf95088271a59 |
| 62b78a9b40a7e4cb4bb813377ae23056 |
| f2cbd86af11c9c60e792a9d8c53c8e85 |
| 22f2a58d8bce0e7c683d26ea58423331 |
| 48ecd67e964e28fb927d4f5849ca8a77 |
| ef6ba002646ffe0b2937aa24243b6fe2 |
| 52c24180332390bdc8ada08631679005 |
| dee188f6ad63708b1c848c36d71b8cdb |
| d12106fc973515c348cfd7cdc25f5c73 |
| c7d83e26858bf977a304050627895f65 |
| d43171b05bb2b6a0186c160608c3f4e7 |
| 8b7cbe04fc06266668008864cb9298d7 |
| 6121096bf1db73a363839e7c4a945e02 |
| f664f026ef9099eb036a4f4377cb7c04 |
| a59a8a1d66abbd89c62619d026556395 |
| 6d068821ec2fa318b944a93cebe0c663 |
| 94022a3bee2d0e6daf29c240cbf1bea0 |
| 3d3d4a38b26c703c797f8a72ce6e27fc |
| 3895ae8af3b45599dd98113991b35275 |
| a48613d7674d42a4b88cd6d549eaffd9 |
| abd85808eb2679e3dcddc2bb40390340 |
| 0369f209c1f8da46953db5ba31d47026 |
| 158bd3d48cfe79cc9ffd00b5355f2ce8 |
| 335d5f7c22bdc45455a2402f3c4ca990 |
| 7443cf6e81bcad5c8651aaeecf53a10a |
| fbdf6baf5402ec3107764246d59b0063 |
| 843b49a63762d838a2d13b7b7f68c7e9 |
| 3b64fb7644106b0f3d353b5de11687e3 |
| 1fa7669415f31678d5f0661a19353400 |
| b905b17e8bcd02a66216720b7249ba1c |
| 3608789f6013c87f330870769d752c45 |
| 0bb1cb29b344453c1d82175ffb024823 |
| 79233cea686049463fc39cf1c4795574 |
| 549bdc34f81f0f862ba76b3f63fc57a1 |
| 0f6e1722b4f81d206bcacf8abf393706 |
| 12b18980269ce53387c1dc5e23de0bf7 |

```
3f765d85e0df129bab0eb30d4e100847
84a7ec7a2db127cd313f3cb3187ac7a1
fd437cf98ca096cf41c648533b5e19ec
47ddd037444eaf47a1520a64bfa59033
e9aad8b7dc67d9a9e7487c3908cc8025
4d698b156926830ce150956bb80cd33a
f2174e947ae85bd98d87d8ecb2f3f0a1
40c88bca36122d22c9edf5301b56d488
41abf64d9fe66ac806df3c4e5c26517b
0bf0c2b39aed9e66ae9ae0b623490d00
04429145c23545cf3571bcf9fd305ab6
b798427b983a9ae20a78d3cec7606180
d99cb2c83950cf0462e69cbde59ab9fb
5072b55e505556df9dd94caa1fff3575
17f00d366b215b0ae50e9c672b8ec10c
15899fc393299706fb5c842a7bd618f6
f4168ecd6abfbd3fc5484142940a9c28
db7d522db8f6950ed9d85a4678c52a89
451869e0c3d8868cfb22c8921ef02e64
c762d240cf919e0f011fe1507c447d2f
12aa881a632fec20d8e4efb7355711cc
9045bf1dfaf3c102e34e96b22258bc83
5e8f49b3519535d9ddaba72d5da25a71
b4b9c96bd616c1b323566c3a53d58763
b3dcba86a8ad0ce798409aeb44d75aa1
abc9eb9b8a06c166ab8774c4a5e35960
4e6776f0eb8cd658f7298276cd3103f3
080367ce8c7d72e9546cbeaade43548a
bdb13150e2b38db99c684a0c3fd5f23a
440e5a2af6f4b2123a2c3436d2605aff
b99e0645cf758cf2bb483cac723044bb
825558c1459a9fdd8591d2d8609ddf08
803caae4081a50d0a75e34e7bbd67be7
8a62be564d80ef1c4cdbbb994c863539
34a33c386ce624e83beac2164e1e3efd
90d8f53b897276db99de444dba5b21c9
5c48b1ff3fb7a0ee6f0760543615f7b2
04f68325e7b9d72b902bd6f55b4872ee
869d5cbc012d8192b9094d2733e023d1
a395f437caa14f8a12e320d00dd0ddd7
6e70f73b2a1bfb529bc572d80b29355c
de841a2876340754acfdffdd793ed256
98d32cf31234581e2154677faa2f110f
caa9ba2b416b8ebde397eaae38ee6456
87fdd4ca0922957127cdbbc8c9bf77c2
4e410df6337e3f1c2f77ba4b3cd4e5a0
8f98e033f85a5fbebe7849d47cf1d92e
```

| |
|---|
| 7b890855533652b59ab69fb067f0b862 |
| d272b9768a67d599ee605f29d8785476 |
| 5e5ea83d8058f4e2101d26db7e915c49 |
| fd4ed1c5093b29feecda70fb7d76d222 |
| 8536c7c11f62acc0f44d88dd44115589 |